Filed 5/23/25  In re W.G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re W.G., et al., Persons Coming Under the Juvenile Court Law. | B334062 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.G.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 23CCJP03596A-B) |

APPEAL from an order of the Superior Court Los Angeles County, Marguerite D. Downing, Judge.  Dismissed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent Los Angeles County Department of Children and Family Services.

Marissa Coffey, under appointment by the Court of Appeal, for Respondent G.A.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Respondent minors W.G. and J.G.

——————————————————

In December 2023, the juvenile court declared two minors, a son born in July 2017 and a daughter born in December 2020, dependents under Welfare and Institutions Code section 300, subdivisions (a), (b)(1), and (j), based on allegations of domestic violence between J.G. (father) and G.A. (mother), as well as physical abuse and substance abuse by father.[1]  The court ordered minors removed from father's custody and placed with mother; it also entered a restraining order protecting mother and minors from father.

Father challenges the sufficiency of the evidence in support of the physical abuse and substance abuse jurisdictional findings against him, as well as the court's decision to include minors as protected persons in the restraining order.  Father does not challenge the sustained petition allegations of domestic violence, nor does he challenge the order removing minors from his custody.

Respondent Los Angeles County Department of Children and Family Services (Department) contends father's appeal of the

_____

[1] All statutory references are to the Welfare and Institutions Code, unless stated otherwise.

2

jurisdictional findings is moot because neither parent has challenged the court's exercise of jurisdiction based on substantial evidence of domestic violence under section 300, subdivision (b)(1).  Mother and minors filed respondents' briefs arguing that father's appeal of the restraining order is also moot.  Minors filed a request for judicial notice asking us to take judicial notice of post-appeal orders that removed minors from the scope of the appealed restraining orders, terminated the juvenile court's jurisdiction over the proceeding, and entered an exit order awarding mother sole physical custody of minors, both parents joint legal custody, and unmonitored visits for father.[2]

We grant minors' request for judicial notice.  We also, on our own motion, take judicial notice of the fact that father did not appeal the custody and visitation order, and the time to appeal that order has now lapsed.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  We dismiss father's appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  ***Dependency Proceedings Up To Father's Appeal***

The family came to the Department's attention in October 2023, after son (then six years old) told his teacher about father beating mother that morning before school in front of minors.  Son and mother each disclosed details of the incident to a school social worker and indicated that physical altercations with father

---

[2] A juvenile court custody and visitation order, commonly referred to as an exit order, is enforceable in family court.  (§ 362.4; *In re Chantal S.* (1996) 13 Cal.4th 196, 203; *In re John W.* (1996) 41 Cal.App.4th 961, 970.)

occur frequently and that father is also verbally abusive to mother.  Mother had scratch marks and bruises on her.  The Department initially recommended that the children be detained from father and released to mother with family maintenance services.  However, it later recommended detaining the children from both parents, which the court ordered at the detention hearing on November 2, 2023.

On November 9, 2023, mother filed a JV-25 request for a restraining order; the court issued a temporary restraining order protecting mother and minors from father and scheduled a hearing for a permanent restraining order, initially for December 5, 2023, and then rescheduled to December 19, 2023.

At the December 5, 2023 adjudication and disposition hearing, the court declared minors to be dependents, and ordered them removed from father and placed with mother.  The court ordered reunification services for father, including a full drug and alcohol program, a 52-week domestic violence program, a parenting program, and individual counseling.

The sustained petition allegations concerning domestic violence (counts a-1 and b-1), which father does not challenge on appeal, state:  "On 10/06/23, the father pushed the mother onto the floor, and repeatedly struck the mother on the mother's head, with the father's fists, in the presence of the children.  The father got on top of the mother, held the mother down with one hand, placed the father's other hand on the mother's neck, and choked the mother, and instructed [son] to give the father the machete. The mother sustained visible bruises on both arms, scratches, pain to the mother's head, chest, and ribs.  On prior occasions, the father pulled the mother's hair, struck, and kicked the mother.  On a prior occasion, the father slammed the mother on

the concrete floor and struck the mother.  On prior occasions, the father struck the mother.  On prior occasions, the mother and father engaged in domestic violence."

The sustained physical abuse allegations (counts a-2, b-2, and j-1),[3] state that father physically abused his son, placing both children at risk of serious physical harm.  The petition alleged "On a prior occasion, the father struck the child with a belt, sandal, and hand, on the child's buttocks.  Such physical abuse was excessive and caused the child unreasonable pain and suffering."

The sustained substance abuse count (count b-3) alleged that father "has a history of substance abuse, including cocaine and marijuana, and is a current abuser of alcohol, which renders the father incapable of providing regular care and supervision of the children," who were "of such a young age as to require constant care and supervision, and the father's alcohol abuse interferes with providing regular care and supervision of the children."

On December 19, 2023, the court issued a permanent restraining order protecting mother and minors from father, over father's objections.

Father filed a notice of appeal on December 20, 2023.

---

[3] Father notes that while the interlineated petition and the court's minute order indicate that the court sustained count j-1 regarding the younger sibling's risk of harm based on father's physical abuse of the son, the reporter's transcript reflects that the juvenile court dismissed the j-1 count.  Father argues for the matter to be remanded to correct the record.

B.    *Dependency Proceedings After Father's Appeal*

In November 2024, after father filed his opening brief in the current appeal, the juvenile court modified the restraining order to remove minors as protected parties. In January 2025, at a review hearing under section 364, the juvenile court found the conditions justifying the initial assumption of jurisdiction no longer existed and were not likely to exist if supervision was withdrawn. The court ordered joint legal custody to both parents, sole physical custody to mother, and unmonitored visits for father. The court ordered counsel to prepare and file a custody and visitation order, and stayed its order terminating jurisdiction pending receipt of the custody and visitation order. A few days later, the court entered a custody and visitation order that included a mediated custody and visitation agreement signed by mother and father. Father did not file a notice of appeal as to the January 2025 exit orders.

## DISCUSSION

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm.

6

Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*Ibid*.) "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*Id.* at p. 282; see also *In re I.J.* (2013) 56 Cal.4th 766, 773.) "Ultimately, in deciding whether to exercise its discretion, a court should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.' " (*In re D.P.*, *supra*, at p. 286.)

In his opening brief, filed before the juvenile court modified the restraining order and terminated jurisdiction with an exit order, father argued appellate review of the physical abuse and substance abuse jurisdictional findings was necessary because those findings could prejudice father in subsequent family court proceedings and in challenging the inclusion of minors as protected persons in the court's restraining order.[4]  In his reply brief, filed after the juvenile court's post-appeal orders, father offered only a single conclusory statement to explain why the claimed potential prejudice in future family court proceedings is not speculative, arguing "physical abuse findings most certainly would impact a family court's custody decision."  A parent

_____

[4] Specifically, father claimed the physical abuse count under section 300, subdivisions (a) and (b) were improperly sustained because there was no evidence that his spanking of son was not "genuinely disciplinary," and the same count under subdivision (j) was a clerical error.  He argued sustaining the substance abuse count was erroneous as there was no risk of harm to minors because mother, not father, cared for the children.

7

seeking to change the custody and visitation orders in later family court proceedings may seek a modification upon showing "that there has been a substantial change of circumstances so affecting the minor child that modification is essential to the child's welfare." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 37; *In re Chantal S., supra,* 13 Cal.4th at p. 213 ["section 362.4 expressly contemplates that the family court may modify the juvenile court's visitation order"].)

In order to provide effective relief in most appeals, "the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 159; accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.) Father offers no argument about why his appeal should not be dismissed based on his failure to appeal the juvenile court's exit orders and termination of jurisdiction. There is no "ongoing harm" that is "redressable or capable of being rectified" by an outcome in his favor. (*D.P., supra,* 14 Cal.5th at p. 276; see *In re Rashad D., supra,* 63 Cal.App.5th 156, 159.) Moreover, he offers no argument for why the domestic violence count, still unchallenged as a basis for dependency jurisdiction, would not play a larger role in any future family law proceeding than the jurisdictional counts of physical abuse and substance abuse father has challenged on appeal. The uncontested findings supporting the domestic violence count include father pushing or slamming mother to the ground, hitting mother in the head with his fists, holding mother down, choking her, pulling her hair, kicking her,

and bruising, scratching, and causing her pain in her head, chest, and ribs.  This conduct renders inconsequential any additional claimed prejudice from the disciplinary spanking or neglect of the children due to substance abuse.  Having considered the relevant factors, we are also unconvinced that we should exercise our inherent discretion to review the merits of father's now moot appeal, particularly in light of the nature of the unappealed jurisdictional finding based on domestic violence.

## DISPOSITION

Father's appeal is dismissed.
NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting P.J.


KIM (D.), J.

9